UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KENT GONZALEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:12-cv-00535-TWP-MJD |
| | ) | |
| FORD MOTOR COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON FORD MOTOR COMPANY'S MOTIONS IN *LIMINE***

This matter is before the Court on several Motions *in Limine* filed by Defendant Ford Motor Company ("Ford") (Filing No. 105, Filing No. 116, Filing No. 117, Filing No. 118, Filing No. 119, Filing No. 120, Filing No. 121 and Filing No. 122). The Court will address each motion *in limine* in turn and will address additional facts relevant to each motion as needed.

### I. BACKGROUND

The facts of this case are set forth in detail in the Court's Entry on the parties' cross motions for summary judgment (Filing No. 97). In short, Plaintiff Kent Gonzalez ("Mr. Gonzalez") was employed by Ford from 1994 until his termination in late 2010. In February 2010 Mr. Gonzalez reported injuring his right wrist at work. Ford placed him on "no work available" leave, during which he received a partial salary and medical benefits. In September 2010, a private investigation was conducted by Ford management which revealed that Mr. Gonzalez was engaging in activities that appeared inconsistent with his medical restrictions. Ford terminated Mr. Gonzalez on grounds that he was improperly receiving medical benefits to which he was not entitled.

In April 2012, Mr. Gonzalez filed this lawsuit against Ford, asserting an Indiana common law claim of wrongful discharge and claims of discriminatory discharge and failure to

accommodate under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*. (Filing No. 1). Mr. Gonzalez filed a Motion for Partial Summary Judgment (Filing No. 57), and Ford filed its own Motion for Summary Judgment (Filing No. 60). The Court dismissed Mr. Gonzalez's state law wrongful discharge claim and ADA discriminatory discharge claim. Mr. Gonzalez's ADA failure to accommodate claim remains set for trial.

## II.  LEGAL STANDARD

The Court excludes evidence on a motion in *limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id.* at 1400–01. Moreover, denial of a motion in *limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the court is unable to determine whether the evidence should be excluded. *Id.* at 1401.

## III.  DISCUSSION

**A.  Ford's Motion in *Limine* to Exclude Mr. Gonzalez's Request for Equitable Relief, Compensatory Damages, and Punitive Damages After the Date of His Termination (Filing No. 105).**

In its first motion, Ford asks the Court to exclude any evidence or information regarding Mr. Gonzalez's "request for compensatory or punitive damages, back pay, front pay, or reinstatement with Ford post-termination; his desire to return to work with Ford; how much he enjoyed working for Ford; or his intention to remain with Ford until retirement." (Filing No. 105 at 2.)

In support of its position, Ford relies on a Family Medical Leave Act ("FMLA") retaliation case, *Hite v. Biomet, Inc.*, 53 F. Supp. 2d 1013 (N.D. Ind. 1999). In *Hite*, the plaintiff asserted two

2

FMLA retaliation claims: (1) she was subjected to a hostile work environment after taking FMLA leave in January 1996; and (2) she was discharged in retaliation for taking a second FMLA leave in April 1996. *Id.* at 1015–16. The *Hite* court found that employer validly terminated plaintiff's employment but denied summary judgment regarding plaintiff's hostile work environment claim. *Id.* at 1016. The employer then filed a motion for partial summary judgment, asserting that plaintiff was not entitled to lost wages because her termination was nondiscriminatory. *Id.* at 1023. Plaintiff asserted that she would be entitled to post-termination damages if she could "demonstrate that the retaliation proximately caused her termination." *Id.* at 1024, and argued that "but for" the employer's retaliation, she would not have needed to take a second FMLA leave and would not have been discharged. *Id.* at 1025.

The court did not agree and determined that although employer may have retaliated against plaintiff, any retaliation was unrelated to and distinct from her valid termination, which was based on plaintiff's failure to return to work or to obtain a physician's certification that she could not yet return to work. *Hite*, 53 F. Supp. 2d at 1025. "A valid discharge subsequent to a discriminatory act cuts off an employer's liability for backpay arising out of discriminatory conduct occurring prior to the discharge." *Id.* However, the *Hite* court also recognized that in some cases an employee may recover for the employer's misconduct if that misconduct contributes to the basis for the employee's eventual discharge. *Id.* at 1026 (citing *Wilson v. Chrysler Corp.*, 172 F.3d 500 (7th Cir. 1999)).

Mr. Gonzalez distinguishes his case from *Hite* on various grounds and explains that *Hite* was not a case involving forced medical leave and a failure to accommodate by failing to reinstate under the ADA. "In essence, the plaintiff in *Hite* wanted more covered medical leave, and Gonzalez wanted less medical leave." ([Filing No. 107 at 3](Filing No. 107 at 3).) Mr. Gonzalez further distinguishes

his case by pointing out that the holding in *Hite* was based on an assumption that the plaintiff was an at-will employee, where here, Mr. Gonzalez was a member of a collective bargaining unit and could only be terminated for cause. *Id.* He also asserts that the claim that survived summary judgment in *Hite*, an FMLA retaliatory harassment claim, was unrelated to the basis for the valid termination in *Hite*. *Id.* Mr. Gonzalez further explains this last point of distinction:

> Hite was terminated because her physician failed to certify her continuing need for medical leave. If Hite prevailed on her FMLA retaliatory harassment claim, that victory would still be unrelated to her failure to obtain certification from her physician. Hite's FMLA retaliatory harassment claim was wholly unrelated to the basis for her termination. Even if she prevailed, Hite had the extra step of proving the harassment required medical leave and the harassment somehow prevented her from obtaining physician certification. Here, contrary to *Hite*, if Gonzalez prevails on his failure to accommodate claim, then the entire reason for the termination becomes factually baseless. No extra steps are needed.

([Filing No. 107 at 3](#) (internal citation omitted)). Mr. Gonzalez argues that if he would have been provided the accommodation required by the ADA to allow him to return to work, he would not have been on medical leave and could not have violated any restrictions of that medical leave, which is the sole basis for his valid termination. *Id.* at 3–4.

Mr. Gonzalez relies on *Brunelle v. Cyro Indus.*, 2003 U.S. Dist. LEXIS 7516 (D. Me. May 6, 2003). There, the court considered the defendant employer's motion in *limine* to exclude evidence of plaintiff's post-termination lost wages and benefits after the court had already ordered summary judgment in favor of the employer on a retaliatory discharge claim. Like Mr. Gonzalez, who has a claim in addition to the discriminatory discharge claim, "Brunelle ha[d] a separate claim from retaliation, arguing that Cyro denied him substantive rights under the FMLA and MFMLR in refusing him leave and that, but for the refusal, he would not have been discharged (even though the discharge was not illegally motivated, given the failure of his retaliation claim)." *Brunelle*, 2003 U.S. Dist. LEXIS 7516, at *2–3. There, the court held that "an employee is entitled to

4

damages, such as lost wages and benefits, where the employee proves a causal relation between her FMLA leave and her dismissal." *Brunelle*, 2003 U.S. Dist. LEXIS 7516, at *3 (internal citation and quotation marks omitted). Employee was allowed to present evidence that she was entitled to FMLA leave and that employer terminated him for taking that leave to which he was entitled, which resulting in lost wages and benefits. The *Brunelle* court denied the employer's motion in *limine* to limit the evidence regarding post-termination damages even though the court previously had determined on summary judgment that the termination was valid.

Ford also asserts that Mr. Gonzalez cannot recover compensatory or punitive damages, but Ford offers no legal support for this assertion. Mr. Gonzalez relies on 42 U.S.C. §§ 1981a(a)(2) and 1981a(b)(1) to support his request for compensatory and punitive damages on his claim for failure to accommodate. Indeed, compensatory and punitive damages are statutorily permissible for a failure to accommodate. The Court is not persuaded by Ford's legally unsupported assertion. *See Jones v. Township High School Dist. No. 211*, 1992 U.S. App. LEXIS 13342, at *9 (7th Cir. June 1, 1992) (party offered no legal support for its argument, and perfunctory or undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived). Thus, Mr. Gonzalez may present evidence regarding his request for compensatory and punitive damages. While the claims of discriminatory discharge and failure to accommodate are distinct, a jury may find a causal relation between the claims, and thus the evidence may be relevant.

To be clear, the Court's ruling on this motion in *limine* does not permit Mr. Gonzalez to recover damages for the valid termination or to re-litigate the termination. However, Mr. Gonzalez is permitted to offer evidence regarding his damages arising from Ford's failure to accommodate, including compensatory or punitive damages; his desire to return to work with Ford; how much he enjoyed working for Ford; and his intention to remain with Ford until retirement.

5

Any evidence or argument regarding the equitable remedies of back pay, front pay, or reinstatement may be the subject of a stipulation between the parties, as suggested by Mr. Gonzalez ([Filing No. 131 at 6](#)), or may be presented to the Court outside the presence of the jury. Accordingly, this motion is **GRANTED** in part and **DENIED** in part.

**B.     Ford's Motion in *Limine* to Exclude Evidence of Alleged Acts of Discrimination that Occurred More than 300 Days Before Plaintiff Filed His EEOC Charge of Discrimination ([Filing No. 116](#)).**

Ford asks the Court to exclude evidence of any acts of discrimination that occurred more than 300 days before Mr. Gonzalez filed his claim with the Equal Employment Opportunity Commission ("EEOC"). Mr. Gonzalez objects, stating that he is permitted to present evidence of these facts as background and circumstantial evidence to support his claim. The Supreme Court noted that "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." *AMTRAK v. Morgan*, 536 U.S. 101, 113 (2002). However, this does not "bar an employee from using the prior acts as background evidence in support of a timely claim." *Id.*

Mr. Gonzalez may not prosecute new claims, or earlier claims, but he may present some evidence of facts and events that occurred prior to April 10, 2010 as background information to support his failure to accommodate claim. Therefore, this motion is **DENIED**.

**C.     Ford's Motion in *Limine* to Exclude Evidence of Alleged Acts Not Contained Within Plaintiff's EEOC Charge of Discrimination ([Filing No. 117](#) and [Filing No. 118](#)).**

Similar to its request in [Filing No. 116](#), Ford asks that the Court exclude evidence of any acts not contained in Mr. Gonzalez's EEOC charge. As stated above, Mr. Gonzalez may not prosecute new claims that were not included in his EEOC charge, but he may present evidence of facts and events that supported or are reasonably related to the claims asserted in the EEOC charge. He is not limited to presenting only facts contained in the EEOC charge. *See Vela v. Village of*

*Sauk Village*, 218 F.3d 661, 664 (7th Cir. 2000) ("We acknowledge that a claim in a civil action need not be a replica of a claim described in the charge, but there must be a reasonable relationship between the allegations in the charge and the claims in the complaint, and it must appear that the claim in the complaint can reasonably be expected to grow out of an EEOC investigation of the allegations in the charge."). With this understanding, Ford's motions are thus **DENIED**.

D.  **Ford's Motion in *Limine* to Exclude Evidence or Argument in Support of Compensatory and Punitive Damages ([Filing No. 119](#)).**

Ford has offered no legal support for excluding evidence of compensatory and punitive damages in a failure to accommodate case. The sole basis for Ford's request is that Mr. Gonzalez failed to disclose a computation of his compensatory and punitive damages in discovery. However, Mr. Gonzalez has provided his witness and exhibits lists to Ford, and Ford will not be "ambushed" by Mr. Gonzalez's evidence at trial. Additionally, Mr. Gonzalez's deposition testimony provided Ford with the bases for his request for compensatory and punitive damages.

A party is not required to produce in discovery a precise computation of its compensatory and punitive damages because of their difficulty in calculation and because they are usually a fact issue for the jury to decide. *See, e.g., EEOC v. Wal-Mart Stores, Inc.*, 2011 U.S. Dist. LEXIS 133051 (E.D. Wash. 2011); *Davis v. Harris*, 2006 U.S. Dist. LEXIS 88000 (C.D. Ill. Dec. 5, 2006); *Merrill v. Waffle House, Inc.*, 2005 U.S. Dist. LEXIS 13054 (N.D. Tex. 2005). Mr. Gonzalez may not suggest to the jury a specific amount of damages for his emotional distress because he has not produced a computation of those damages to Ford; however, he may offer evidence to support his damages. Accordingly, this motion is **DENIED**.

**E.      Ford's Motion in *Limine* to Exclude Evidence of Request for Equitable Remedies to the Jury ([Filing No. 120](#)).**

Ford asks that the Court exclude evidence of Mr. Gonzalez's request for equitable remedies from the jury. Mr. Gonzalez does not object to this motion. Any evidence or argument regarding the equitable remedies of back pay, front pay, or reinstatement may be the subject of a stipulation between the parties or may be presented to the Court outside the presence of the jury. This motion is **GRANTED**.

**F.      Ford's Motion in *Limine* to Exclude Evidence of the EEOC's Determination ([Filing No. 121](#)).**

Ford asks that the Court exclude evidence of the EEOC determination and proposed conciliation agreement on Mr. Gonzalez's EEOC charge. Mr. Gonzalez does not object to this motion. The Court **GRANTS** this motion to exclude the EEOC's determination and proposed conciliation agreement consistent with the decision in *Tulloss v. Near North Montessori School, Inc.*, 776 F.2d 150 (7th Cir. 1985).

**G.      Ford's Motion in *Limine* to Exclude Claim that Mr. Gonzalez's Discharge was Discriminatory or Retaliatory ([Filing No. 122](#)).**

Ford asks that the Court exclude evidence and argument regarding Mr. Gonzalez's dismissed claims for discriminatory discharge and retaliatory discharge. Mr. Gonzalez did not object to this motion in his omnibus response. This motion is also **GRANTED**.

## IV.      CONCLUSION

For the foregoing reasons, the Court **GRANTS** in part and **DENIES** in part Ford's Motions in *Limine*.

**SO ORDERED.**

Date: 12/5/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Jason Porter Cleveland
JOHN H. HASKIN & ASSOCIATES
jcleveland@jhaskinlaw.com

John H. Haskin
JOHN H. HASKIN & ASSOCIATES
jhaskin@jhaskinlaw.com

Paul Anthony Logan
JOHN H. HASKIN & ASSOCIATES
plogan@jhaskinlaw.com

Bahar Azhdari
WALLER LANSDEN DORTCH & DAVIS LLP
bahar.azhdari@wallerlaw.com

Stanley E. Graham
WALLER LANSDEN DORTCH & DAVIS PLLC
stan.graham@wallerlaw.com